

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Robert F. Peden, Jr.
County Attorney
Matagorda County
Bay City, Texas

Dear Sir:

Opinion No. 0-3046
Re: Authority of certified
public weigher to weigh
motor vehicle to determine
compliance with Article
827a, Section 5, V.A.P.C.

  This will acknowledge receipt of your letter of
January 15, 1941, requesting the opinion of this department
upon the following question:

   "Can a certified public weigher of
Matagorda County, Texas weigh automobiles
upon the county roads of this county which
are not state highways for the purpose of
requiring permits for hauling excessive
loads (over 7,000 pounds) over said roads."

  Section 5 of Article 827a of Vernon's Annotated
Penal Code reads as follows:

   "Sec. 5. No commercial motor vehicle,
truck-tractor, trailer or semi-trailer shall
be operated on the public highway outside of
the limits of an incorporated city or town
with a load exceeding seven thousand (7000)
pounds on any such vehicle or train or com-
bination of vehicles; and no motor vehicle,
commercial motor vehicle, truck-tractor,
trailer or semi-trailer having a greater
weight than six hundred (600) pounds per
inch width of tire upon any wheel concentrated
upon the surface of the highway shall be op-
erated on the public highways outside of the

limits of an incorporated city or town; provided, however, that the provisions of this section shall not become effective until the first day of January, 1932." (Underscoring ours).

The terms "highway" and "public highway" have been defined by statute as follows:

"The term 'highway' as used in this Act shall include any public road or thoroughfare or section thereof and any bridge, culvert or other necessary structure appertaining thereto." (Acts 1925, 39th Leg., ch. 186, p. 456, Art. 6674a, V.A.C.S.)

"'Public Highway' shall include any road, street, way, thoroughfare or bridge in this State not privately owned or controlled for the use of vehicles over which the State has legislative jurisdiction under its police power." (Acts 1929, 41 Leg., 2nd C.S., p. 172, ch. 88, sec. 1, as amended Acts 1930, 41st Leg., 5th C.S., p. 151, ch. 23, sec. 1, Art. 6675a-1, V.A.C.S.)

Our courts have defined these terms in the same manner. Railway Co. v. Montgomery, 85 Tex. 64, 19 S. W. 1015; City of Dublin v. Barret (C.C.A.) 242 S. W. 535; and a "county road" is a "public highway." 21 Tex. Jur. 528-530.

It remains for us to determine who has the authority, or, more accurately, duty, to weigh vehicles to determine whether there is a compliance with Section 5 of Article 827a of Vernon's Annotated Penal Code. We have carefully examined the provisions of Title 93 of Chapter 6 of the Revised Civil Statute, and Articles 1047, et seq. of the Penal Code relating to "Public Weighers" and can discover no such authority given those individuals. As far as we can determine the statutes relating to public weighers attempt to do no more than regulate the business of those engaging in that occupation for hire. Indeed, Section 6 of Article 827a, Vernon's Annotated Penal Code specifically enjoins upon license and weight inspectors of the State Highway Department the duty to determine compliance with the load limit law in the following language:

"Sec. 6. Any license and weight inspector of the State Highway department, having reason to believe that the gross weight of a loaded vehicle is unlawful, is authorized to weigh the same either by means of portable or stationary scales, and to require that such vehicle be driven to the nearest scales in the event such scales are within two miles. The inspector may then require the driver or operator to unload immediately such portion of the load as may be necessary to decrease the gross weight of such vehicle to the maximum gross weight specified by this Act."

Construing this statute, this department held in Opinion No. O-1454 that <u>only</u> such license and weight inspectors of the State Highway Department have authority to weigh vehicles to determine whether or not there is an unlawful load, and authority to require those within two miles of scales to drive to them. We held that ordinary peace officers have no such authority. A copy of this opinion is enclosed herewith.

For the reasons given in Opinion No. O-1454 and under the authorities there cited, it is our opinion and you are advised that a certified public weigher has no authority to weigh vehicles upon the public county roads of Matagorda County to determine whether there is a compliance with Section 5 of Article 827a of Vernon's Annotated Penal Code, unless requested to do so by the driver or owner of the vehicle.

Very truly yours

ATTORNEY GENERAL OF TEXAS

APPROVED JAN 30, 1941.

FIRST ASSISTANT
ATTORNEY GENERAL

By

James D. Smullen
Assistant

JDS:RS

ENCLOSURE

